UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HALTERMAN, | Case No.: C 04-2660 JW (PVT) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| EMC CORPORATION, et al., | |
| Defendants. | |

On September 20, 2005, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's motion for a protective order to prevent the deposition of David Wright.[1] Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Defendant's motion is DENIED. However, the deposition shall be limited to two hours.

**I.  LEGAL STANDARD**

Federal courts may issue a protective order limiting or prohibiting the deposition of any party in order to protect that party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).  However, "[a] strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (district court erred in granting protective order ordering plaintiff not to depose Herald-Examiner's publisher when plaintiff suggested possible information publisher might have that

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

others did not). Under Rule 26(c), the party attempting to avoid discovery must carry a heavy burden of demonstrating why the discovery should be denied. *Id*.

Because of the potential for abuse by plaintiffs, courts do sometimes protect high-level corporate officers from depositions when the officer has *no* first-hand knowledge of relevant facts or where the testimony would be repetitive. *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979); *see also, Liberty Mut. Ins. Co. v. Superior Ct.*, 13 Cal.Rptr.2d 363 (1992). However, where a corporate officer has first hand knowledge of relevant facts, the deposition should be allowed. *See Blankenship*, 519 F.2d at 429; *see also, Anderson v. Air West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976) (approving denial of Howard Hughes' motion for protective order because he "probably had some knowledge" regarding substance of plaintiffs' claims); *and Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102-06 (S.D.N.Y. 2001) (compelling deposition of Sony's CEO when plaintiff "presented sufficient evidence to infer that [CEO] had some unique knowledge on several issues related to its claims"). Further, a claimed lack of knowledge or recollection does not provide sufficient grounds for a protective order, since the opposing party is entitled to test that lack of knowledge or recollection. *See Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974); and *Travelers Rental Co., Inc.*, 116 F.R.D. 140, 143 (D. Mass. 1987).

## II. DISCUSSION

### A. David Wright Appears To Have Unique First Hand Knowledge of Relevant Information

In the present case, Plaintiff has submitted evidence suggesting that David Wright has at least some unique first hand knowledge of relevant facts. Just days before being placed on administrative leave, Plaintiff had sent two long emails to both Wright and George Purnell (the head of Legato's HR department at the time Plaintiff was fired), expressing among other things his fear that Legato was about to terminate his employment because he had raised certain concerns about Legato's financial reporting. Approximately two weeks after being placed on leave, George Purnell, the head of Legato's human resources department at the time Plaintiff was fired, sent an email to Plaintiff stating: "David, I had an opportunity to discuss your situation with both Noah Mesel and David

Wright today." Plaintiff has attempted to discover information about Purnell's conversation with Wright by deposing Purnell. However, Purnell was evasive at best about the conversation and claimed he did not recall anything about it. (Noah Mesel is apparently an attorney, and EMC asserted privilege objections to Plaintiff asking Purnell what he discussed with Mesel.)

Plaintiff has also shown that just a few months before he was fired, Wright certified in Legato's 10-K filing with the Securities and Exchange Commission that he, along with the other certifying officers, had "designed such disclosure controls and procedures to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities... ." (Declaration of Kathryn Burkett Dickson in Opposition to EMC's Motion for Protective Order Preventing Deposition of David Wright, Exh. 10 at DEF-00214.)

Finally, Plaintiff has shown that during the relevant time period Legato and EMC were negotiating a merger, and that there was at least some consideration of Legato's renewal rates (which Plaintiff was raising concerns about) in those negotiations.

In light of the foregoing, it is reasonable for Plaintiff to explore at a minimum what Wright's reaction to his emails was, what Wright discussed with the head of HR regarding Plaintiff's "situation," whether the information Plaintiff brought to Wright's attention raised any concerns in Wright's mind in connection with the EMC merger negotiations, and if so, whether any such concerns played any part in Legato's decision to terminate Plaintiff's employment.

**B.    DEFENDANT HAS NOT SHOWN GOOD CAUSE TO PREVENT THE DEPOSITION**

Defendant has not carried its burden of showing that the deposition of David Wright would impose any undue burden on either Defendant or Wright. The declaration submitted by David Wright provides no information regarding the number of hours he works, nor the number of days per month he travels. Wright's conclusory assertion that it would be an "extreme hardship" for him to attend his deposition is insufficient to outweigh Plaintiff's right to test Wright's claims of lack of knowledge and lack of recollection.

Dated: 9/23/05

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 3*