United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAVID HALTERMAN,

Plaintiff,

v.

EMC CORPORATION, et al.,

Defendants.

Case No.: C 04-2660 JW (PVT)

**ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

On September 20, 2005, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Plaintiff's motion to compel production of documents.[1] At the hearing the court instructed the parties to meet and confer further and submit supplemental briefing. The parties have submitted the supplemental briefs. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED as to Request Nos. 40, 47, 48 and 68, except that the time frame is limited to January 2001 through October 2003. Defendant shall either produce to Plaintiff a copy of, or allow Plaintiff access to the original of, all electronic

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

United States District Court
For the Northern District of California

data[2] responsive to these requests. For purposes of these requests, the customer sales information in Defendant's Oracle database is deemed to be responsive to the request for data that "demonstrates" Defendant's renewal rates. The court understands that Defendant disagrees with this characterization and believes the data does not "demonstrate" its renewal rates because of errors in the data. However, that is an argument for Defendant to make to the trier of fact–not a reason for depriving Plaintiff of the right to discover evidence arguably relevant to his theory of the case.

IT IS FURTHER ORDERED that, in light of Defendant's showing regarding the difficulty of generating customized reports tailored to these document requests, Defendant shall provide Plaintiff with copies of or access to the entire database(s).[3] Rule 34 of the Federal Rules of Civil Procedure provides, in relevant part:

> "Any party may serve on any other party a request (1) ***to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy***, and designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and ***other data compilations*** from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form) * * * ." (emphasis added.)

Thus, when electronic data is requested, the responding party has an obligation to produce the data for inspection and allow the requesting party to copy the electronic data. A responding party is also obligated to use a detection device to translate electronic data into reasonably usable form "if necessary." The committee notes to the 1970 amendments to Rule 34 state:

> "The inclusive description of 'documents' is revised to accord with changing technology. It makes clear that Rule 34 applies to electronics data compilations from which information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data into usable form. In many instances, this means that respondent will have to supply a print-out of computer data. The burden thus placed on respondent will vary from case to case, and the courts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring that the discovering party pay costs. Similarly, ***if the discovering party needs to check the electronic source itself***, the court ***may protect respondent with respect to preservation of his records, confidentiality of nondiscoverable matters***,

---

[2] It appears from the briefs and arguments that the current dispute is limited to electronic data in Defendant's various databases, and does not encompass existing hard copy documents.

[3] The court is confident Defendant will have no trouble copying the databases, given the information on Defendant's website regarding the ease and speed with which its software can backup and restore Oracle databases.

United States District Court
For the Northern District of California

and costs." (emphasis added.)

FEDERAL RULES OF CIVIL PROCEDURE 34(a) (Advisory Committee Notes, 1970 Amendment).

From the foregoing it is clear that Defendant was obligated to make its electronic data available to Plaintiffs for copying, and, to the extent necessary, to translate any encrypted data into reasonably usable form. This does not require a responding party to create customized reports from a database. Rather, the responding party need only provide use of whatever technological tools it has for accessing the data so that the requesting party may access the information in the database.

To the extent Defendant needs protection for any of the data in its database(s), the Protective Order on file herein offers adequate protection. Absent written agreement of Defendant or further order of the court, Plaintiff shall treat the entire database(s) as "Confidential" under the Protective Order and shall use the data therein only for purposes of this lawsuit.

IT IS FURTHER ORDERED that Plaintiff's motion is DENIED as to Document Request No. 49, based on Legato's representation that it has already produced all documents and data that demonstrate, describe or explain how *it* computed its renewal rates.

IT IS FURTHER ORDERED that Plaintiff's motion is DENIED as to Document Request No. 69, based on Legato's representation that it does not keep the information in the form requested.[4]

IT IS FURTHER ORDERED that Plaintiff's motion is DENIED as to Document Request No. 85. As drafted it is far too broad.

Dated: *10/14/05*

PATRICIA V. TRUMBULL
United States Magistrate Judge

[4] Unlike Document Request No. 68, this request apparently calls for a "listing" of transactions which includes numerous specified categories of information. If Defendant does not keep such information is a "list" format, it need not create such a list.