| | |
|---|---|
| 1 | KATHRYN BURKETT DICKSON (State Bar # 70636)<br>DICKSON - ROSS LLP |
| 2 | 1970 Broadway, Suite 1045<br>Oakland, CA 94612 |
| 3 | Telephone:   (510) 268-1999<br>Facsimile:   (510) 268-3627 |
| 4 | |
| 5 | DAVID ANGLE (Admitted *Pro Hac Vice*)<br>ANGLE & ANGLE LLC |
| 6 | 1818 Ninth St., Suite 315<br>Boulder, CO 80302 |
| 7 | Phone:       303-443-2200<br>Facsimile    303-443-2229 |
| 8 | Attorneys for Plaintiff<br>DAVID HALTERMAN |

**IT IS SO ORDERED**
*/s/ James Ware*
Judge James Ware

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DAVID HALTERMAN, | ) Case No. C04-2660 JW (PVT) |
| Plaintiff, | ) **STIPULATION ALLOWING ALLOWING**<br>) **DOCUMENTS IN SUPPORT OF MOTION** |
| v. | ) **TO EXCLUDE THE TESTIMONY OF DR.**<br>) **JOHN ZEITZ OR, IN THE** |
| LEGATO SOFTWARE, a Division of EMC Corporation; EMC Corporation, dba EMC PERIPHERALS INC.; and DOES I - X, | ) **ALTERNATIVE, TO LIMIT HIS**<br>) **TESTIMONY AND STRIKE PORTIONS**<br>) **OF HIS REPORT TO BE FILED UNDER**<br>) **SEAL** |
| Defendants. | ) Date:     December 19, 2005<br>) Time:     9:00 a.m.<br>) Judge:    Hon. James Ware<br>) Crtrm:    8 |

PURSUANT TO CIVIL LOCAL RULES 7-11, 7-12, and 79-5, Plaintiff David Halterman and Defendant EMC Corporation (collectively, "the parties") stipulate as follows:

WHEREAS, in this matter, the Court entered into a Stipulated Protective Order ("the Order") on December 3, 2004;

WHEREAS, the Order requires in paragraph 9 that:

> In the event that any Confidential Information ... is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall submit the papers to the court along with a request to file under seal pursuant to Civil Local Rule 79-5

WHEREAS, in paragraph 1 of the order, the Court defined "Confidential Information" as "information that qualifies for protection under F.R.C.P. 26(c)";

WHEREAS, certain exhibits in Plaintiff's Motion to Exclude the Testimony of Dr. John Zeitz Or, in the Alternative, to Limit His Testimony and Strike Portions of His Report and limited portions of the motion itself, contain highly confidential private information about Mr. Halterman's medical and psychological history and condition;

WHEREAS, the parties agree that these exhibits and excerpts fall within this Court's definition of "Confidential Information" contained in the Order and that Mr. Halterman should be protected from the embarrassment of having this information contained in the public record;

WHEREAS, with the exception of the requested exhibits and excerpts, the parties intend that "[a]ll other portions" of the moving papers "be included in the public file" of this Court, pursuant to Civil L.R. 79-5(b); and

WHEREAS, the parties have limited the scope of this request to meet the requirements of Civil L.R. 79-5(b) that it be "narrowly tailored to seal only that material for which good cause to seal has been established" and that it "shall direct the sealing of only those documents, pages, or, if practicable, those portions of documents or pages, which contain the information requiring confidentiality";

IT IS HEREBY STIPULATED by and between the parties to this action through their designated counsel, that the following documents and excerpts be filed under seal:

1. Exhibit B to the Declaration Of Jeffrey A. Ross In Support Of Plaintiff's Motion To Exclude The Testimony Of Dr. John Zeitz Or, In The Alternative, To Limit His Testimony And Strike Portions Of His Report

2. Exhibit C to the Declaration Of Jeffrey A. Ross In Support Of Plaintiff's Motion To Exclude The Testimony Of Dr. John Zeitz Or, In The Alternative, To Limit His Testimony And Strike Portions Of His Report

//

3. Portions of Page 3, lines 15-22 of Exhibit D to the Declaration Of Jeffrey A. Ross In Support Of Plaintiff's Motion To Exclude The Testimony Of Dr. John Zeitz Or, In The Alternative, To Limit His Testimony And Strike Portions Of His Report

4. Portions of the following pages and lines from Plaintiff's Motion To Exclude The Testimony Of Dr. John Zeitz Or, In The Alternative, To Limit His Testimony And Strike Portions Of His Report: page 7, lines 3-7; page 10, lines 22-26; and page 11, lines 1-12..

Respectfully submitted,

Dated: November 15, 2005

*DICKSON - ROSS LLP*

*/s/electronically*

JEFFREY A. ROSS
Attorneys for Plaintiff
DAVID HALTERMAN

Dated: November 15, 2005

*ORRICK, HERRINGTON & SUTCLIFFE LLP*

MICHAEL D. WEIL
Attorneys for Defendant
EMC CORPORATION

**CONCURRENCE IN ELECTRONIC FILING**

In accordance with General Order No. 45, Section X.B., I attest that concurrence in the electronic filing of this **STIPULATION ALLOWING ALLOWING DOCUMENTS IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF DR. JOHN ZEITZ OR, IN THE ALTERNATIVE, TO LIMIT HIS TESTIMONY AND STRIKE PORTIONS OF HIS REPORT TO BE FILED UNDER SEAL** and accompanying **[PROPOSED] Order** was obtained from Michael D. Weil.

*/S/electronically*

Dated: November 15, 2005      By _____
                              JEFFREY A. ROSS
                              Attorney for Plaintiff
                              DAVID HALTERMAN