IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HALTERMAN, | NO. C 04-02660 JW |
| Plaintiff, | **ORDER VACATING MAGISTRATE JUDGE TRUMBULL'S ORDER GRANTING MOTION TO COMPEL; NOTICE OF INTENT TO APPOINT A SPECIAL MASTER; ORDER SCHEDULING FURTHER CASE MANAGEMENT CONFERENCE** |
| v. | |
| EMC CORPORATION, et al., | |
| Defendants. | |

## I.  INTRODUCTION

Defendants Legato Software ("Legato") and EMC Corporation ("EMC," collectively "Defendants") object to Magistrate Judge Trumbull's October 14, 2005 order granting Plaintiff's motion to compel (Docket No. 144, hereinafter, "Discovery Order"), and have moved for de novo determination of the issue by this Court. The Court held a hearing on this issue on December 5, 2005. Based on the papers filed, and the arguments of counsel at the hearing, this Court vacates the Discovery Order insofar as it pertains to the production of electronic records contained in EMC's Oracle database and appoints a special master to address the issues raised by the parties in Defendants' objections to the Discovery Order.

## II.  BACKGROUND

Plaintiff David Halterman alleges that Defendants wrongfully terminated him because he "blew the whistle" on Defendants' accounting and financial data. Mr. Halterman claims that he uncovered negative financial information regarding Legato's software renewal rates that undermined Legato's public filings at a time when EMC was in negotiations with Legato to purchase Legato. Plaintiffs sought electronic data

responsive to their discovery requests. Magistrate Judge Trumbull granted Plaintiff's motion to compel, and ordered: "Defendant shall either produce to Plaintiff a copy of, or allow Plaintiff access to the original of, all electronic data responsive to these requests. For purposes of these requests, the customer sales information in Defendant's Oracle database is deemed to be responsive to the request for data that 'demonstrates' Defendant's renewal rates." (Discovery Order at 1-2). Defendants filed their objections with this Court on October 28, 2005.

## III. STANDARDS

The scope of discovery may be limited if "the burden or expense of the propsed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litgation, and the importance of the proposed discovery in resolving the issues." FED. R. CIV. P. 26(b)(2). For nondispositive matters such as discovery issues, "the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).

## IV. DISCUSSION

A.  Notice of Appointment

Due to the number of parties in this lawsuit, the complexity of legal and factual issues involved in this lawsuit, and the cost savings to the parties which will result from a more focused management of pre-trial matters, this Court concludes that the appointment of a Special Master in this lawsuit would be beneficial to all. Pursuant to FED. R. CIV. P. 53, then, this Court notifies the parties of its intent to appoint George C. Fisher, 1717 Embarcadero Road, Palo Alto, CA 94303, (650) 857-1717, as the Special Master of this lawsuit. The Court discloses to the parties that Mr. Fisher's firm, Dorsey and Whitney, represents EMC Ireland in tax litigation proceeding in London. EMC Ireland, may be a subsidiary of EMC. Mr. Fisher has represented to this Court that he has not been involved in the EMC Ireland case.

Mr. Fisher would be the Special Master for all proceedings, with the power to hear and make reports and recommendations on the issues arising out of Defendants' objections to Magistrate Judge

1 Trumbull's Order granting Plaintiff's motion to compel.  The Special Master shall take into account this
2 Court's findings on the present issue, infra.

3 The Special Master shall exercise the power necessary or proper to regulate all proceedings before
4 him and shall do all acts and take all measures necessary or proper for the efficient performance of his
5 duties under this order. Unless this Court receives a recommendation from the Special Master for some
6 other apportionment, each party shall bear the cost of the Special Master on a per capita basis, payable in
7 advance. The Special Master shall report to this Court on a periodic basis regarding the state of his fees
8 and expenses. Unless otherwise ordered, the Special Master shall, in his report, advise this Court, without
9 specifically identifying parties, as to whether the parties are current in their payment of his fees and
10 expenses.

11 The Special Master shall file numbered interim reports or recommendations which:  1) advise this
12 Court of the status of the case, and 2) recommend the disposition of any matter heard by him.  The parties
13 shall have ten (10) days from the date an interim report or recommendation is filed to file any objections.
14 Any party opposing the objection(s) shall file an opposition within ten (10) days after the objection is filed.
15 If no objection is filed, the Special Master's report or recommendation shall become a binding Order of this
16 Court and the parties shall comply with the Order.  If, however, an objection is filed, the matter shall be
17 deemed submitted to this Court without oral argument twenty (20) days after the Special Master's report or
18 recommendation is filed--unless an application is made and this Court orders the matter to be scheduled for
19 hearing.  Reports or recommendations pertaining to non-dispositive motions or pretrial discovery matters
20 shall be reconsidered by this Court only where the Special Master's report or recommendation is clearly
21 erroneous or contrary to law.

22 The parties shall have ten days from the date of this notice to file any objections to Mr. Fisher being
23 named as Special Master. If no objection is filed and if Mr. Fisher files the affidavit required by FED. R.
24 CIV. P. 53(b)(3), this Court's appointment of Mr. Fisher as Special Master shall become effective twelve
25 days after the date of this notice.

3

B.  The Present Issue

Magistrate Judge Trumbull ordered Defendants to produce the customer sales information in Defendants' Oracle database. Defendants argue that the entire customer sales database is not relevant to the suit at hand. In particular, Defendants contend that only the information that Plaintiff actually had before him is relevant for the purposes of a wrongful termination lawsuit based on whistleblowing. This Court notes that it is Defendants who have raised the defense that Plaintiff was factually incorrect in making his whistleblowing claim. To the extent that Defendants intend on continuing to raise this defense, Defendants are required to provide to Plaintiffs the information on which they base their defense, so far as practicable and economically feasible. For example, if Defendants do not rely on the entire customer sales database for any defense, it is likely that the entire customer sales database does not need to be provided to Plaintiff. The Special Master shall determine, on a case by case basis, the information which is discoverable under this standard.

Defendants also take issue with Magistrate Judge Trumbull's statement: "The Court is confident Defendant will have no trouble copying the databases, given the information on Defendant's website regarding the ease and speed with which its software can backup and restore Oracle databases." Defendants argue that this statement is an abuse of discretion because the ability to copy databases into a readable form is different from the ability to backup or restore a database. In support of their argument, Defendants submit the declaration of Matthew Lawrence, EMC's director of IT who states that it is not practically possible to give Plaintiff access to Legato's databases. Defendants also claim that "for EMC to produce the information ordered by this Court could cost about $500,000," which would be more than the actual damages claimed by Plaintiff. (Def. Obj., Docket No. 159 at 14-15.) Plaintiffs contend that EMC, as the self-proclaimed "world leader" in "information storage and its management" should be able to produce the twelve or so gigabytes or information sought without much effort at all. This Court reserves the issue of burdensomeness for the Special Master to examine.

4

C. <u>Further Case Management Conference</u>

As a final matter, this Court schedules a further case management conference for Monday, January 23, 2005 at 10:00 a.m. Prior to this conference, and pursuant to Civil L.R. 16-10, the parties shall meet and confer in good faith to develop a Joint Case Management Statement. The parties shall file their statement on or before January 13, 2005.

IT IS SO ORDERED

Dated: December ___, 2005

04eciv2660spmaster

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Angle dave@daveangle.com
Gary R. Siniscalco grsiniscalco@orrick.com
Jeffrey A. Ross jeffross@dicksonross.com
Kathryn Burkett Dickson kbdickson@dicksonross.com
Leah Linda Scholer lscholer@orrick.com
Lynne C. Hermle lchermle@orrick.com
Michael D. Weil mweil@orrick.com

Leanne J. Fitzgerald
EMC Corporation
2350 West El Camino Real
Mountain View, CA 94040

Dated: December ___, 2005                    Richard W. Wieking, Clerk

                                             By:__/s/ JW Chambers_____
                                                Ronald L. Davis
                                                Courtroom Deputy

**United States District Court**
For the Northern District of California