IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| David Halterman, | NO. C 04-02660 JW |
| Plaintiff(s), <br> v. | **ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF DR. JOHN ZEITZ** |
| Legato Software, a Division of EMC Corporation, et al., | |
| Defendant(s). | |

Plaintiff David Halterman initiated this suit for wrongful termination against his former employer Legato Software, a Division of EMC Corporation, and EMC Corporation dba EMC Peripherals, Inc. Inasmuch as Plaintiff's prayer for relief included emotional distress damages, Plaintiff was ordered to undergo a mental examination under Rule 35, Fed.R.Civ.P., by Defendants' retained expert, Dr. John Zeitz. See Magistrate Judge Trumbull's Order Granting in Part and Denying in Part Motion to Compel an Independent Mental Examination and Answers to Deposition Questions ("Magistrate Judge's Order").

Presently before the Court is Plaintiff's motion to exclude Dr. Zeitz's testimony in its entirety on the grounds that (1) the examination was, in essence, used as an improper second deposition; (2) the scope of the examination violated the Magistrate Judge's Order and (3) Dr. Zeitz's report is "replete with patently inappropriate analysis and non-expert opinion." Plaintiff's Motion, pp. 13-14. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).

Based upon all papers filed to date, the Court finds that Dr. Zeitz neither conducted an improper second deposition, nor exceeded the scope of the Magistrate Judge's Order. It was appropriate for Dr. Zeitz to review the factual details of Plaintiff's employment, including his interactions with other employees, e-mails, memos, and performance reviews. It was also appropriate for Dr. Zeitz to review details of Plaintiff's past employment with OSI.

The Court, however, finds that portions of Dr. Zeitz's report contain inappropriate analysis and non-expert opinion. Rather than attempt to delineate which portions of the report should be excluded in the context of the instant motion, the Court prefers to conduct a conference to establish a set of ground rules for Dr. Zeitz's expert testimony at trial.

In conclusion, the motion to exclude Dr. Zeitz's testimony in its entirety is denied. The Court will conduct a conference regarding the scope of Dr. Zeitz's testimony on May 18, 2006 at 11:00 a.m.

Dated: March 22, 2006            /s/James Ware  
04cv2660zeitz                                             JAMES WARE  
                                                            United States District Judge

**United States District Court**  
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Angle dave@daveangle.com

Gary R. Siniscalco grsiniscalco@orrick.com

Jeffrey A. Ross jeffross@dicksonross.com

Kathryn Burkett Dickson kbdickson@dicksonross.com

Leah Linda Scholer lscholer@orrick.com

Lynne C. Hermle lchermle@orrick.com

Michael D. Weil mweil@orrick.com

**Dated:   March 23, 2006**          **Richard W. Wieking, Clerk**

**By:   /s/JW Chambers**
       **Melissa Peralta**
       **Courtroom Deputy**