IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| David Halterman, | NO. C 04-02660 JW |
| Plaintiff(s), <br> v. <br> Legato Software, a Division of EMC Corporation, et al., <br> Defendant(s). | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE OR EXCLUDE THE TESTIMONY OF STUART H. HARDEN, CPA** |

Plaintiff David Halterman initiated this suit for wrongful termination against his former employer Legato Software, a Division of EMC Corporation, and EMC Corporation dba EMC Peripherals, Inc. Plaintiff alleges that Defendants wrongfully terminated him because he "blew the whistle" on Defendants' accounting and financial data. More specifically, Plaintiff alleges that in 2003, he uncovered negative financial information regarding Legato's renewal rates that undermined Legato's public filings at a time when EMC was in negotiations with Legato to purchase Legato.

Presently before the Court is Plaintiff's motion to strike exclude certain portions of the expert report of Stuart Harden, Defendants' forensic accounting and auditing expert. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).

Based upon all papers filed to date, the Court denies Plaintiff's motion. Rule 702, Fed.R.Evid., provides, "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by

1 knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or
2 otherwise." Mr. Harden is clearly qualified to testify as an auditor of Legato's finances and public
3 disclosures. Mr. Harden has over thirty years of experience in public accounting, and has over
4 twenty years of experience performing litigation and forensic accounting. Further, Mr. Harden
5 bases his opinions on reliable data and methodologies.

6 Plaintiff's objections to seventeen of Mr. Harden's opinions are all unfounded. Mr. Harden
7 renders opinions about what Legato "likely considered," both of which are within Mr. Harden's area
8 of expertise and reasonably based upon the testimony of Legato's Controller, Cory Sindelar. Mr.
9 Harden opines that a reader would not have been misled by Legato's financial disclosures, and
10 further that Legato had a reasonable basis for its disclosures. Mr. Harden opines that Legato's
11 customer renewal rate disclosures were not materially inconsistent with the information in Legato's
12 financial statements; that its renewal rate calculation methodology was reasonable; and that it would
13 not have been reasonable for Legato to have used other methodologies to calculate renewal rates.
14 These opinions are, once again, within Mr. Harden's area of expertise and reasonably based upon his
15 review of Legato's financial data.

16 Mr. Harden also renders opinions based upon his extensive experience as an accountant. He
17 opines that the "the lack of SEC guidance may be due to the fact that renewal rates are rarely
18 disclosed"; that because "Legato's revenue allocation methodology complied with GAAP, and its
19 public filings were in accordance with SEC regulations, it is unlikely that these factors are evidence
20 that Legato intended to mislead EMC in the process of negotiating the purchase price"; that "service
21 and support revenue is typically viewed by knowledgeable persons as less of a predictor of growth
22 than license revenue"; and that "[i]f Legato had intended to disclose an 'inaccurate and inflated
23 picture' to EMC, or any other potential suitor, Legato would have been motivated to 'inflate' license
24 revenue rather than service and support revenue." These opinions are permissible in light of Mr.
25 Harden's extensive experience as an accountant; it is within the jury's discretion to determine what
26 weight, if any, to give them.

27 Finally, Mr. Harden's report includes statements about Legato's intents and beliefs. For
28

2

1  example, Mr. Harden states in his report that "Legato did not believe it was misleading readers of its
2  financial statements by utilizing a dollar-based methodology." The statements about Legato's
3  intent and belief are supported by citations to the deposition testimony of individuals in Legato's
4  management. Mr. Harden is entitled to consider the intents and belief of Legato's management
5  when rendering his opinions.
6      Therefore, Plaintiff's motion to strike or exclude portions of Mr. Harden's report is denied.
7  Dated:   March 24, 2006                /s/James Ware
   04cv2660harden                         JAMES WARE
8                                         United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Angle dave@daveangle.com

Gary R. Siniscalco grsiniscalco@orrick.com

Jeffrey A. Ross jeffross@dicksonross.com

Kathryn Burkett Dickson kbdickson@dicksonross.com

Leah Linda Scholer lscholer@orrick.com

Lynne C. Hermle lchermle@orrick.com

Michael D. Weil mweil@orrick.com

**Dated:   March 24, 2006**          **Richard W. Wieking, Clerk**

                                      **By:   /s/JW Chambers**
                                             **Melissa Peralta**
                                             **Courtroom Deputy**