IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| David Halterman, | NO. C 04-02660 JW |
| Plaintiff(s), <br> v. | **ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF BARBARA LUNA, DEAN ATKINSON, AND BRUCE L SMITH** |
| Legato Software, a Division of EMC Corporation, et al., | |
| Defendant(s). | |

Plaintiff David Halterman initiated this suit for wrongful termination against his former employer Legato Software, a Division of EMC Corporation, and EMC Corporation dba EMC Peripherals, Inc. Plaintiff alleges that Defendants wrongfully terminated him because he "blew the whistle" on Defendants' accounting and financial data. More specifically, Plaintiff alleges that in 2003, he uncovered negative financial information regarding Legato's renewal rates that undermined Legato's public filings at a time when EMC was in negotiations with Legato to purchase Legato.

Plaintiff's "whistle blowing" was based upon his review of eight Installed Base Reports ("IBR"). The IBR data identified Legato's customers and the particular software licenses they had purchased. Each report contained information for one software product. Thus, Halterman reviewed data relating to eight of Legato's products. The report had fields entitled "ship date," "install date," "end date," and "active part." Ultimately, Halterman concluded that thirteen out of Legato's 50 to 100 modules did not have the 90% renewal rate Legato had disclosed in its public filings.

In contrast, Defendants contend that the 90% renewal rate was accurate. Defendants explain that Legato publicly reported its renewal rates on an overall <u>customer</u> basis, which the management believed as accurate. Defendants' Motion at p.4. Defendants contend Legato did not report renewal rates on a per <u>contract</u> or per <u>product</u> basis because it did not have accurate data for those calculations. <u>Id.</u>

Furthermore, Defendants contend that the IBRs that Halterman had access to were not a representative sampling of Legato's products because they related to only eight of Legato's bottom-ten revenue making products, and only represented approximately two percent of Legato's IBR data. Moreover, Defendants contend that the IBRs were "fraught with errors – missing or incorrect start, install, and end dates – and contained numerous 'problems' and 'anomolies.'" Defendants' Motion at p.7.

Presently before the Court is Defendants' motion to exclude the testimony of Plaintiff's accounting experts, Barbara C. Luna, and Dean Atkinson, and Plaintiff's psychology expert, Bruce Lazar Smith. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).

Based upon all papers filed to date, the Court denies Defendants' motion. Rule 702, Fed.R.Evid., provides, "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise." Trial courts are required to serve as "gate keepers" to ensure that any expert testimony admitted "is not only relevant, but reliable." <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579, 592 (1993).

A. <u>Luna and Atkinson's Qualifications</u>

Defendants contend that Plaintiff's accounting experts, Luna and Atkinson, are not qualified to render opinions regarding Legato's software support contract renewal rates because neither has experience in the software industry, much less experience with software contract renewal rates.

The Court rejects Defendants' arguments. Luna has both a Master's and Ph.D. in Applied

2

1 Mathematics from Harvard University. She has over twenty years of experience in accounting and
2 related litigation services. She is a Certified Public Accountant, Certified Fraud Examiner, and has
3 many other relevant licenses and certifications. She also has knowledge of SEC standards for
4 disclosures. Atkinson holds a degree in Accounting and Business Administration, and has been a
5 Certified Public Accountant for over twenty years. He is also a Certified Fraud Examiner. Thus,
6 both Luna and Atkinson hold the requisite credentials to qualify as accounting experts; that they do
7 not have specific experience in the software industry and renewal rates goes to the weight of their
8 testimony, not to the admissibility of their testimony.

B.  The Underlying Data Used to Form Luna and Atkinson's Opinions

Defendants contend that Luna and Atkinson's testimony should be excluded under Rule 703, Fed.R.Evid., because the underlying data on which they based their opinions was not reasonably reliable.

The Court recognizes that the law requires experts to base their opinions on reliable data. See e.g. In re Agent Orange Prod. Liab. Litig., 611 F.Supp. 1223, 1245 (E.D.N.Y. 1985). In the present case, the record indicates that Luna and Atkinson relied upon the very same data provided to Plaintiff during his employment with Legato. If the data was sufficiently reliable to provide to Plaintiff, it is reasonable to conclude that the data is sufficiently reliable for Plaintiff's experts to use at trial. Defendants point out, however, that the IBR data reviewed by Plaintiff and his experts consisted of only 2% of the total IBR data; that the 2% was not a random sample, but represented data relating to some of Legato's lowest performing products; and that Plaintiff's own experts have admitted that they would not usually use such a small sample size to form the basis of their conclusions. The Court is troubled by these alleged deficiencies in the data. However, Luna and Atkinson have considerable expertise, and have been able to draw some meaningful conclusions from the IBR data. Therefore, it remains within the province of the jury to determine what weight, if any, to give to their expert opinions.

C. Luna's Testimony Regarding Legato's Public Disclosures

Luna's report includes an opinion that Legato materially misled investors when it

1 represented its customer renewal rate exceeded 90%. Defendants contend that Luna's opinion must
2 be excluded pursuant to Rule 702, Fed.R.Evid., because every factor she relied upon to form her
3 opinion is unreliable.

4     As discussed previously, despite the alleged deficiencies in the data, Plaintiff's experienced
5 experts were able to draw some meaningful conclusions from the IBR data. Furthermore, Luna
6 specifically identified which disclosure requirements he believed Legato violated, and why. The
7 trier of fact must decide what weight, if any, to give to Luna's opinion.

8 D.  Relevancy of Luna's and Atkinson's Conclusions

9     Defendants contend that Luna and Atkinson's testimony regarding whether Legato's renewal
10 rates were correct or misleading is irrelevant to the lawsuit because Plaintiff is not required to prove
11 an actual violation of the law in order to prevail on his wrongful termination claim. The argument is
12 specious: evidence that Legato violated disclosure laws makes it more likely than not that Plaintiff
13 was reasonable in his whistle blowing, which is indisputably an element Plaintiff must prove at trial.

14 E.  Luna's and Atkinson's Rebuttal Reports

15     Defendants' request to strike Luna's and Atkinson's rebuttal reports as untimely is denied.
16 Further, the parties are ordered to refrain from referring to any discovery disputes in the jury's
17 presence.

18 F.  Dr. Smith

19     Defendants object to Dr. Smith's testimony to the extent he opines that "[t]he proximate
20 cause of Mr. Halterman's current distress is, in fact, the termination of his employment at Legato
21 Software." The objection is overruled. Dr. Smith's opinion is admissible pursuant to Rule 704,
22 Fed.R.Evid.

23     Accordingly, Defendants' motion is DENIED.

24 Dated:   April 4, 2006               /s/James Ware
04cv2660lunaatkinsonsmith               JAMES WARE
25               United States District Judge

4

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 David Angle dave@daveangle.com

3 Gary R. Siniscalco grsiniscalco@orrick.com

4 Jeffrey A. Ross jeffross@dicksonross.com

5 Kathryn Burkett Dickson kbdickson@dicksonross.com

6 Leah Linda Scholer lscholer@orrick.com

7 Lynne C. Hermle lchermle@orrick.com

8 Michael D. Weil mweil@orrick.com

10 **Dated: April 5, 2006**                                **Richard W. Wieking, Clerk**

              **By: /s/JW Chambers**
                   **Melissa Peralta**
                   **Courtroom Deputy**

**United States District Court**
For the Northern District of California